IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODNEY EDWARD HOWARD, §<br>Petitioner, §<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, §<br>Respondent. § | Civil Action No. H-07-3028 |

## MEMORANDUM OPINION AND ORDER

State inmate Rodney Edward Howard filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his felony conviction. Respondent filed a motion for summary judgment based on expiration of limitations. (Docket Entry No. 7). Petitioner filed a response. (Docket Entry No. 8.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action as barred by limitations.

### I. PROCEDURAL BACKGROUND

A jury found petitioner guilty of possession with intent to deliver a controlled substance on June 5, 2003 in Harris County, Texas, and assessed punishment at thirty-two years incarceration. The conviction was affirmed on appeal. *Howard v. State*, No. 13-03-0384-CR (Tex. App. – Corpus Christi 2004, pet. ref'd). The Texas Court of Criminal Appeals

refused discretionary review on March 2, 2005, and denied his application for state habeas review on September 20, 2006. Petitioner filed the instant petition on September 13, 2007.

## II. ANALYSIS

### A. Statutory Limitations

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner's conviction became final for purposes of AEDPA on May 31, 2005, when time for filing a petition for certiorari to the United States Supreme Court expired. Limitations for purposes of federal habeas review expired one year later, on May 31, 2006. The instant petition, filed on September 13, 2007, is barred in absence of an applicable tolling provision.

### B.   Tolling Provisions

Under the AEDPA, the one year statute of limitations for filing a petition is tolled if any properly filed application for post-conviction relief is pending in state court. *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (holding that petitioners whose convictions became final prior to the enactment of AEDPA may rely on tolling provision). Specifically, the Act provides that "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" is one submitted according to the state's procedural requirements, such as rules governing the time and place of filing. *Villegas v. Johnson*, 184 F.3d 467, 469-70 (5th Cir. 1999).

3

The parties in the instant case agree that limitations was tolled while petitioner's state habeas application was pending in the state courts. They disagree, however, as to the effective filing date of that application. Respondent alleges that the face of the state application reflects a filing date of June 9, 2005, such that petitioner's federal application was due on September 11, 2007. According to respondent's time line, the instant petition was untimely by two days. Petitioner, on the other hand, contends that he *signed* his state application on June 7, 2005, and that the application should be deemed filed as of the date of its mailing from his prison unit. He does not state when he deposited the petition in the prison mail system.[1] Neither party provides applicable state law in support of their respective position.

The date that petitioner signed his state habeas petition has no effect on the timeliness of his petition. At most, petitioner might attempt to argue that the Texas "mailbox rule" for state inmates applied, assuming he were to submit probative summary judgment evidence that he deposited his state application in the prison mail system on June 7, 2005. This argument would prove futile, however, as the Fifth Circuit recently confirmed that the Texas "mailbox rule" for state prisoners does not apply to state habeas petitions. *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007). Accordingly, petitioner's state habeas application was filed on June 9, 2005, and the instant federal petition is untimely.

---

[1] The Court notes that within his state court filings, petitioner acknowledged that he filed his state habeas application on June 9, 2005. *See Ex parte Howard*, WR-65,108-01, p. 6; *Id.*, WR-65,108-02, p. 2.

## III.  CONCLUSION

The motion for summary judgment (Docket Entry No. 7) is **GRANTED**, and this petition is **DISMISSED WITH PREJUDICE** as barred by limitations.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 2nd day of April, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE